UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| NEW YORK PACKAGING, II, LLC<br>(135 Fulton Avenue<br>New Hyde Park, New York 11040),<br><br>        Plaintiff,<br><br>   v.<br><br>MERCHANTS DISTRIBUTORS, LLC<br>d/b/a MDI<br>(120 Fourth Street, SW<br>Hickory, North Carolina 28602-2947),<br><br>   and<br><br>LOWES FOODS, LLC<br>(1381 Old Mill Circle, Ste. 200<br>Winston-Salem, North Carolina 27103),<br><br>        Defendants | Civil Action No. 5:24-cv-10 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff New York Packaging ("NYP"), by its undersigned counsel, alleges as follows for its Complaint against Defendants Merchants Distributors, LLC ("MDI") and Lowes Foods, LLC ("Lowes Foods").

**THE NATURE OF THIS ACTION**

1. NYP brings this action against MDI and Lowes Foods, pursuant to 35 U.S.C. §§101 et. seq. and 271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. 11,440,267 (the '267 Patent) and 10,513,078 (the '078 Patent) (together the "Asserted Patents") titled METHOD OF MANUFACTURING HEADERLESS PRODUCE

–1–

BAGS WITH INCREASED ADHESION.

The patents list Jeffrey D. Rabiea as the sole inventor and are assigned to New York Packaging II, LLC. The Rabiea '267 Patent is directed to plastic bags used in grocery stores available on a rack for the consumer. The Rabiea '078 Patent is directed to the method of manufacturing bags as claimed in the '267 patent. A consumer removes a bag from the stack of bags and places produce or other items in the bag for weighing and purchase. Plaintiff NYP manufactures and sells plastic produce bags to distributors and grocery stores. Plaintiff NYP developed the patented produce bags and introduced them into the market place in 2016. Defendant MDI previously purchased bags from NYP and distributed the NYP bags to grocery stores, such as Defendant Lowes Foods. A direct competitor of NYP, Unistar Plastics, LLC (USP), copied the patented bags and introduced their infringing bags in 2022. NYP observed the bags being distributed by MDI and sold to Lowes Foods by MDI as direct substitutes for NYP bags previously purchased and distributed by MDI to Lowes Foods. NYP obtained samples and evaluated the bags and made determinations about the patented aspects of the bags, concluding infringement. NYP approached both MDI and Lowes Foods to discuss the issue of infringement. Both MDI and Lowes Foods chose to continue purchase of the USP bags. MDI and Lowes Foods continue to infringe the '267 and '078 patents and have refused to cease their infringing actions, thereby necessitating this lawsuit. NYP has sued USP in the Southern District of Texas, Civil Action 4:23 cv 3810.

## THE PARTIES

2. Plaintiff NYP is a limited liability company organized and existing under the laws of the State of New York, having its headquarters and a principal place of business at 135 Fulton

Avenue, New Hyde Park, New York 11040. NYP manufactures and sells plastic bags to the wholesale and retail markets, directly and through distributors, providing its customers with cost effective packaging solutions and providing the end consumer with reliable and environmentally friendly bagging options.

3. Defendant MDI is a North Carolina company, having its regular and established principal place of business in Hickory, North Carolina. MDI sells and distributes plastic bags, including infringing bags, from these facilities throughout North Carolina and the East Coast.

4. Defendant Lowes Foods is a North Carolina company, having a regular and established place of business in Hickory, North Carolina and its principle place of business in Winston-Salem North Carolina. Lowes Foods purchases infringing bags, from MDI in Hickory North Carolina and uses and distributes infringing plastic bags to its customers at its stores throughout North and South Carolina.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C.§271 *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question, and 28 U.S.C. §1332(a)(1), diversity jurisdiction.

7. This Court has personal jurisdiction over MDI and Lowes Foods because both are located in this judicial district, have a regular and established place of business in this judicial district and have used, sold and distributed accused goods in and from this District and thus established minimum contacts.

–3–

8. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b), Defendants have committed acts of infringement and each have a regular and established place of business in this judicial district.

## BACKGROUND AND GENERAL ALLEGATIONS

9. NYP has been in business since 2005 and provides a range of plastic packaging products. NYP's products are distributed throughout the US and in various other countries. NYP is recognized as an innovator in the packaging industry, was the first company to introduce Headerless T-shirt bags into the retail market and holds a number of patents on various aspects of plastic bags, protecting NYP's investments in innovation.

10. Mr. Rabiea has over 42 years of experience in the plastic bag industry, including intimate knowledge and participation in the manufacture and bag design process. The Raiea '267 and '078 Patents protect innovations in headerless plastic produce bags which enhance consumer convenience while decreasing product loss and waste. Plaintiff is the owner of all, right, title, and interest in the Asserted Patents. The Asserted Patents are in full force in effect and will remain in full force and effect until 2035 (the '267 Patent) and 2037 ("the '078 Patent).

11. Typical produce bags are dispensed from a stack suspended from a bag hanger or in rolls of bags attached end to end. Stacked bags are removed one at a time from the stack by pulling from the rack. Roll bags can be removed one at a time from the roll by separating the first bag from the next bag along the perforation line therebetween. Like the bags hanging in face-to-face relation from a rack, each bag must be individually manually opened after it is removed from the roll. Care must also be made to prevent extra unwanted bags being removed from the stack or the roll and discarded. The requirement that each plastic bag be manually

–4–

opened also causes many of the bags to be wasted because the bags cannot be opened easily. For that reason, many are discarded and end up on the floor. Aside from wasting bags, which increases the costs to the retail establishment, having unused bags accumulating on the floor around the location where the bags are dispensed can be dangerous because it creates a potential slip and fall hazard.

12. NYP therefore sought to develop headerless produce bags that would open the next bag as it was removed from a rack to avoid the need for manual opening by the customer. NYP developed headerless produce bags with increased adhesion between the surfaces of the bags and patented the unique method of manufacturing the new headerless produce bags.

13. In order to achieve the desired improved features, Mr. Rabiea developed a manufacturing process where, as recited in the Abstracts of both Asserted Patents:

> the exterior surface of one or both of the sheets of plastic film which form the bags is treated with low temperature corona discharge plasma to raise the level of surface charge magnitude to at least 43 Dyne to increase the adhesion force between the bags. A recess is formed in each of the bags to further increase the adhesion. The increased adhesion causes the mouth of one bag to automatically open as the adjacent bag is removed from the rack.

In addition to the recess, "openings are created in the bags to accept the support rods of a dispensing rack. The bags can have simple edge sides or side gussets and may be provided in a package which includes a pouch which receives and supports the lower portions of the bags." '078 Patent, Abstract; '267 Patent, Abstract.

14. The Asserted Patents, attached hereto as Exhibits A and B, protect the new and innovative headerless plastic produce bags developed by NYP and a method of manufacturing the same. The '078 patent was issued on December 24, 2019 and the '267 Patent was issued on

–5–

September 13, 2022.  Both are assigned to, and currently owned by, Plaintiff NYP.

15. The '267 patent's claims are directed to superior headerless produce bags developed by NYP.  The '078 patent's claims are directed to the method of manufacturing superior headerless produce bags developed by NYP.

## MDI AND LOWES FOODS INFRINGEMENT

16. USP supplies the infringing bags to MDI.  USP is a direct competitor of NYP. Both companies sell stacks of plastic bags that are placed onto racks by a retailer in retail stores for dispensing of the bags by customers, one at a time.  USP sells boxes to MDI, containing numerous stacks of infringing plastic bags, the accused stacks of headerless produce bags (the "Accused Products").  MDI sells those stacks of bags to retail stores, including Lowes Foods, which place the bags on racks making them available to customers of the retailers.  The sales of USP and the sales of MDI compete directly with the sales of NYP, the companies compete in the same markets for the same customers.  MDI was a customer of NYP. Sales of USP infringing products and distribution of infringing products by MDI have directly replaced sales of NYP products and have interfered and displaced distribution contracts of NYP.  Purchases of infringing bags by MDI and by Lowes Foods have directly displaced purchases of NYP bags. NYP has lost sales and profits due to the infringing activities of MDI and Lowes Foods.

17. Among other products, MDI purchases and resells sells the Accused Products, including product(s) which is identified as "fruits and veggies more matters."  The Accused Products are identifiable by their characteristics which are protected by the claimed invention. Upon investigation, testing, information and belief, NYP has located infringing product in numerous retail, wholesale and distribution locations and supply chains in the United States.

Photographs of one example of an identified Accused Product is attached hereto as Exhibit C to the Complaint.

18. NYP has notified MDI and Lowes Foods about its rights to the accused bags. Both continue to infringe.

19. NYP obtained quantities of the Accused Product and conducted a detailed analysis, which confirmed that the accused bag stacks infringe claims of the Accused Patents.

20. The '267 patent includes five claims, which are reproduced below:

1. A headerless plastic bag, comprising :
a first sheet;
a second sheet aligned in facing relation to the first sheet and heat sealed to the first sheet to form the plastic bag, wherein the first sheet comprising an exterior surface with a surface charge magnitude of at least 43 [Dyne];
a first pair of mated recesses disposed in the first sheet and the second sheet, the first pair of mated recesses configured to cause the first sheet to releasably mechanically adhere to the second sheet, whereby an adherence between the first sheet and the second sheet caused by the pair of recesses, and the adherence caused by the plasma treatment together cause the plastic bag to automatically open upon separation of the plastic bag from a second plastic bag, the first sheet defining a first pair of holes disposed at a top edge of the bag, and the second sheet defining a second pair of holes disposed at the top edge of the bag in facing relation to the first pair of holes, the first pair of mated recesses disposed only at positions interposing the first or second pair of holes and a first side edge of the bag or a second side edge of the bag, the separation localized at points interposing each hole of the first pair of holes of the first sheet, and at points interposing each hole of the second pair of holes of the second sheet.

2. The bag of claim 1 wherein the sides of the bag comprise gussets.

3. A dispenser for use with the bag of claim 1, comprising a pouch adapted to receive and support the lower portion of the bag.

4. A system, comprising:
a first headerless plastic bag, comprising:
a first sheet;
a second sheet aligned in facing relation to the first sheet and heat sealed to the first sheet to form the plastic bag having three heat sealed sides and a mouth, wherein the first sheet comprising an exterior surface with a surface charge magnitude of at

–7–

least 43 Dyne;
a first pair of mated recesses disposed in the first sheet and the second sheet, the first pair of mated recesses configured to cause the first sheet to releasably mechanically adhere to the second sheet, the first sheet defining a first pair of holes disposed at a top edge of the bag, and the second sheet defining a second pair of holes disposed at the top edge of the bag, the first pair of mated recesses disposed only at a position interposing the first pair of holes and a first side edge of the bag or a second side edge of the bag; and
a second headerless plastic bag, comprising:
a second pair of recesses configured to mate with at least one of the first pair of recesses, whereby an adherence between the first sheet and the second sheet caused by the pair of recesses, and the adherence caused by the plasma treatment together cause the plastic bag to automatically open upon separation of the plastic bag from the second plastic bag.

5. A dispenser for use with the bags of claim 2 comprising a pouch adapted to receive and support the lower portion of the bags.

21. MDI sells headerless bags and Lowes Foods purchases bags, and makes them available to customers on racks, that have a first sheet and a second sheet "aligned in facing relation and heat sealed to form [a] plastic bag," with an "exterior surface with a surface charge magnitude of at least 43 [Dyne]" and with pairs of mated recesses which "cause the first sheet to releasably mechanically adhere to the second sheet … [to] cause the plastic bag to automatically open upon separation," that infringe the asserted claims of the '267 patent. *See* '267 Patent, Claim 1.

## COUNT I
## MERCHANT DISTRIBUTORS, LLC
## INFRINGEMENT OF U.S. PATENT NO. 11,440,267

22. The allegations the paragraphs above are hereby re-alleged and incorporated herein by reference.

23. NYP is the current assignee and owner of the '267 Patent-in-Suit.

24. MDI has infringed, and continues to infringe, at least claims 1, 2 and 4 of the '267

–8–

Patent under:

- 35 U.S.C. §271(a), by using, offering to sell and/or selling the Accused Products in the United States;

24.  MDI has infringed, and continues to infringe, at least claims 1, 2 and 4 of the '267 Patent under:

- 35 U.S.C. §271(a) by importing into the United States a patented invention during the term of the '267 patent;

26.  MDI has infringed, and continues to infringe, at least claims 1, 2 and 4 of the '267 Patent under:

- 35 U.S.C. §271(b), by inducing others to use the Accused Products in the United States;

27.  MDI continues to use and sell its headerless produce bags which infringe claims of the '078 Patent and continues to induce others to use the infringing bags.

28.  MDI does not have a license or permission to the use the '267 Patent.

29.  MDI has been willfully infringing the '267 Patent since at least July, 2022, when it received notice from NYP. Upon information and belief, MDI has no good faith defense to NYP's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, MDI has intentionally continued its infringement.

30.  As a result of MDI's willful infringement of the '267 Patent, NYP has suffered and will continue to suffer damages in an amount not yet determined, of lost profits on a majority of the sales and at least a reasonable royalty on the remainder.

## COUNT II
## LOWES FOODS, LLC INFRINGEMENT OF U.S. PATENT NO. 11,440,267

31. The allegations the paragraphs above are hereby re-alleged and incorporated herein by reference.

32. NYP is the current assignee and owner of the '267 Patent-in-Suit.

33. Lowes Foods has infringed, and continues to infringe, at least claims 1, 2 and 4 of the '267 Patent under:

- 35 U.S.C. §271(a), by using the Accused Products in the United States;

34. Lowes Foods has infringed, and continues to infringe, at least claims 1, 2 and 4 of the '267 Patent under:

35. Lowes Foods has infringed, and continues to infringe, at least claims 1, 2 and 4 of the '267 Patent under:

- 35 U.S.C. §271(b), by inducing others to use the Accused Products in the United States;

36. Lowes Foods continues to use and sell its headerless produce bags which infringe claims of the '078 Patent and continues to induce others to use the infringing bags.

37. Lowes Foods does not have a license or permission to the use the '267 Patent.

38. Lowes Foods has been willfully infringing the '267 Patent since at least July, 2022, when it received notice from NYP. Upon information and belief, MDI has no good faith defense to NYP's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, MDI has intentionally continued its infringement.

39. As a result of Lowes Food's willful infringement of the '267 Patent, NYP has suffered and will continue to suffer damages in an amount not yet determined, of lost profits on a majority of the sales and at least a reasonable royalty on the remainder.

–10–

## PRAYER FOR RELIEF

A. For a Judgment declaring that Defendants have infringed the '267 Patent under 35 U.S.C. §271(a) and/or (b).

B. For a judgment declaring that Defendants' infringement of the '267 Patent has been willful;

C. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining Defendants from further acts of infringement;

D. For a judgment requiring Defendants to account for all of their gains, profits, and advantages realized from its infringement and unlawful use and practice of the '267 Patent;

E. For a judgment awarding NYP actual damages for Defendants' acts of patent infringement;

F. For a judgment awarding NYP an amount adequate to compensate it for Defendants' infringement;

G. For a judgment declaring that this case is exceptional and awarding NYP its expenses, costs and attorneys' fees in accordance with 35 U.S.C. §285 and Rule 54(d) of the Federal Rules of Civil Procedure;

H. For a judgment awarding NYP prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

I. For a judgment awarding NYP enhanced damages under 35 U.S.C. §284;

J. For a judgment awarding NYP treble damages and attorneys' fees under 35 U.S.C. §§ 284 and 285; and

–11–

K.    For such other relief to which NYP is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Respectfully submitted this the 12th day of January, 2024.

PARKER POE ADAMS & BERNSTEIN LLP

*/s/ Nicholas H. Lee*
Nicholas H. Lee
N.C. Bar No. 47885
Morgan H. Rogers
N.C. State Bar No. 37025
620 South Tryon Street, Suite 800
Charlotte, N.C. 28202
Tel.: (704) 372-9000 |   Fax: (704) 334-4706
nicholaslee@parkerpoe.com
morganrogers@parkerpoe.com

Joseph J. Zito*
WHITESTONE LAW, PLLC
1250 Connecticut Ave., suite 700
Washington, D.C., 20036
Telephone: 202-466-3500
jzito@dnlzito.com

*application for admission pro hac vice forthcoming

*Attorneys for Plaintiff New York Packaging, II, LLC*